Julius DUCRE, Plaintiff,

Underwriters at Lloyd's London,
Plaintiff–Appellee,
Cross–Appellant,

v.

MINE SAFETY APPLIANCES CO.,
INC., et al., Defendants,

Commercial Union Insurance Co.,
Defendant–Appellant,
Cross–Appellee.

HIGHLANDS INSURANCE COMPANY,
Plaintiff–Appellee, Cross–Appellant,

v.

AVONDALE SHIPYARDS, INC.,
Defendant–Appellee,

Commercial Union Insurance Co.,
Defendant–Appellant,
Cross–Appellee.

Nos. 87–3058, 87–3090.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1987.

Thomas E. Loehn, Thomas W. Lewis, Samuel M. Rosamond, III, Boggs, Loehn &

Rodrigue, New Orleans, La., for defendant-appellant, cross-appellee, in No. 87–3058.

Carl J. Hebert, Courtenay, Forstall, Grace & Hebert, New Orleans, La., for Certain Underwriters.

Gary A. Lee, New Orleans, La., for Underwriters at Lloyd's.

Thomas E. Loehn, Thomas W. Lewis, Samuel M. Rosamond, III, New Orleans, La., for defendant-appellant, cross-appellee in No. 87–3090.

Geoffrey P. Snodgrass, James F. Holmes, New Orleans, La., for Highlands.

Charles M. Steen, George W. Pugh, New Orleans, La., for Avondale.

Before WISDOM, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

These cases have been consolidated for purposes of appeal, as they present similar questions of law. In our number 87–3058, which was cause number 80–4338 below, Commercial Union Insurance Company and Certain Underwriters at Lloyd's London & Companies appeal different portions of the district court's December 23, 1986, judgment which was based on its October 2, 1986, opinion therein reported as *Ducre v. Mine Safety Appliance Co.*, 645 F.Supp. 708 (E.D.La.1986). In our number 87–3090, which was cause number 86–1404 below, Commercial Union Insurance Company and Highlands Insurance Company appeal different portions of the district court's judgment therein based on its December 24, 1986, minute entry in which it concluded that the issues were the same as those dealt with in its cited *Ducre* opinion and directed entry of judgment accordingly. We agree with the district court that the relevant legal issues in both cases are the same and are governed by the legal principles addressed in the district court's referenced *Ducre* opinion. The governing law respecting these issues is that of Louisiana. We observe that the Louisiana Court of Appeals for the Fourth Circuit, in dealing with similar issues, has expressly approved the district court's *Ducre* opinion, and the Louisiana Supreme Court has denied review. *Houston v. Avondale Shipyards, Inc.*, 506 So.2d 149, 150–156 (La.App. 4th Cir.1987), *writs denied* 512 So.2d 459 (La. 1987) (No. 87–C–1475) (denying application of Certain Underwriters Lloyds London for supervisory writs), 512 So.2d 460 (La.1987) (No. 87–C–1477) (denying application of Commercial Union Insurance Co. for writ of certiorari and/or review), 512 So.2d 460 (La.1987) (No. 87–C–1482) (denying application of Certain Underwriters Lloyds London for writ of certiorari and/or review), and 513 So.2d 813 (La.1987) (No. 87–C–1477, October 16, 1987, denying rehearing). Therefore, we reject the complaints of all the appellants and cross-appellants and accordingly affirm the challenged judgments below on the basis of the district court's opinion in *Ducre v. Mine Safety Appliance Co.*, 645 F.Supp. 708 (E.D.La.1986).

AFFIRMED.